**SO ORDERED.**

**SIGNED this 11th day of December, 2006.**

_____
LEIF M. CLARK
UNITED STATES BANKRUPTCY JUDGE
_____

# United States Bankruptcy Court
**Western District of Texas**
**San Antonio Division**

| | |
|---|---|
| IN RE<br><br>DAVID PAUL BRUNNER & PHYLLIS JEAN BRUNNER<br><br>*DEBTORS* | BANKR. CASE NO.<br><br>06-51897-C<br><br>CHAPTER 7 |

### ORDER DENYING MOTION FOR EXTENSION OF TIME IN WHICH TO OBJECT TO THE DISCHARGE OF THE DEBTORS

CAME ON for consideration the foregoing matter. The trustee moves for an extension of time in which to object to the debtors' discharge. *See* FED.R.BANKR.P. 4004(b). As grounds, the trustee explains that the debtors have not filed satisfactory proof that they completed their credit counseling within 180 days prior to the filing of their petition. The debtors filed with the court the certificates they received from the organization that gave them the counseling. The trustee complains that what the debtors were obligated to do, by statute, was to personally certify that they underwent the counseling.

Section 521(b) requires a debtor to file, with the court, "a certificate from an approved non-profit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to the debtor." 11 U.S.C. § 521(b). Section 109(h)(1) states that an individual may not be a debtor unless the debtor has, during the 180 day period preceding the filing *received* from an approved nonprofit budget and credit counseling agency the requisite briefing. 11 U.S.C. § 109(h)(1). Section 727(a)(11) provides that a debtor may not receive a discharge if the debtor has not received, prior to discharge "an instructional course concerning personal financial management described in section 111." 11 U.S.C. § 727(a)(11). However, that course is to be completed by debtors *post-petition*, and so has no reference to the pre-petition briefing discussed in sections 109(h)(1) and 521(b). *See id.* ("*after filing the petition*, the debtor failed ...") (emphasis added).

If the debtors have filed the certificate required under section 521(b) – and these debtors have – then the debtors have satisfied the requirements of both that section and section 109(h)(1). The latter section does not require the *filing* of a certificate by the debtors. It only requires, as a factual matter, that the debtors have *received* the briefing as a condition to being eligible to file for relief. The certificate filed by the debtors in this case is sufficient to establish that fact.

Interim Rule 1007(b)(3), adopted as a local rule in this district, is not to the contrary. That rule states that an individual must file "the certificate ... required by section 521(b)." INTERIM RULE 1007(b)(3) (adopted as a local rule of the Western District of Texas by Order dated Oct. 21, 2005). Even the amended Rule 1007(b)(3) permits the filing of the certificate from the agency, in lieu of a statement from the debtor to the effect that the debtor has received the requisite briefing. *See* INTERIM RULE 1007(b)(3), as amended (adopted as a local rule of the Western District of Texas by Order dated October 1, 2006).

In short, neither the statute nor the rules require of the debtors what the trustee insists on here. Certainly, the trustee cannot expect the court to withhold the debtors' discharge until such time as the debtors comply with a demand not required by either the statute or the rules.

The motion for extension to object to the debtors' discharge is denied.

# # #